MARINE CONSTRUCTION & DESIGN COMPANY, Appellant,

v.

VESSEL TIM, Official No. 290680, VESSEL SIG, Official No. 290825, VESSEL RUSH, Official No. 290822, VESSEL JAY, Official No. 290823, VESSEL GIL, Official No. 290824, VESSEL ART, Official No. 291116, VESSEL CHAMP, Official No. 291117, Their Engines, Tackle, Apparel and Furniture, and Seldovia-Port Graham Consolidation, Inc., a Washington corporation, Appellees.

No. 821.

Supreme Court of Alaska.

Dec. 8, 1967.

11. Note 2, supra.

· John Conway, of Atkinson, Wade, Conway & Young, Anchorage, for appellant.

W. C. Arnold, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

This appeal involves determination of questions pertaining to statutes of limitations and the conflict of laws. More particularly, we are asked to review the trial court's holding that Alaska's two-year statute of limitations, applicable to statutory causes of action, barred appellant's suit which was based upon a three-year lien statute of the State of Washington. We have concluded that the superior court's dismissal of appellant's cause of action was erroneous.

In March of 1966, appellant filed a complaint in the lower court against appellees. In its complaint appellant alleged in part that it was a Washington corporation engaged in the ship repair business but had not, and was not, engaged in business in the State of Alaska. It was further alleged that appellee Seldovia-Port Graham Consolidation, Inc. was a Washington corporation which was authorized to conduct business in the State of Alaska. It was also alleged that within three years past Royalcraft Boat Company, acting as builder and agent for appellee Seldovia,

> ordered and requested [appellant] to perform certain work and supply materials, consisting mainly of labor and materials in the installation of certain hydraulic power blocks and related equipment in and upon the [appellee Seldovia's seven fishing] vessels, then in the process of construction by Royalcraft Boat Company in Seattle, Washington * *.[1]

Appellant then alleged that under the statute of the State of Washington, RCW 60.36.010,

> a lien is created against vessels, their tackle, apparel and furniture, for work done and materials furnished in said state at the request of the builder of said vessels pursuant to original construction of the vessels * * *. Under the statute, such liens continue in force for a period of three (3) years from the time the cause of action accrued.

Appellant also asserted that since March of 1963 appellee Seldovia has had possession of the seven fishing vessels in question, and that these vessels have been moved outside the State of Washington to Port Graham, Alaska. Appellant stated that it has made demand upon appellee Seldovia for payment of the $10,636.29 purportedly due and owing for labor and materials furnished to the vessels, but that appellee Seldovia refuses to pay this debt. By way of relief appellant requested that the superior court establish a lien in the amount of $10,636.29 in its favor and that the same be foreclosed against appellee's fishing vessels.[2]

---

1. It was alleged that the work and materials were furnished in regard to appellee Seldovia's fishing vessels TIM, SIG. RUSH, JAY, GIL, ART, and CHAMP.

2. Appellant also requested that appellee Seldovia be enjoined from disposing of the vessels and that a receiver be appointed. Thereafter, appellant petitioned for the appointment of a receiver and

Appellee Seldovia filed a motion to dismiss the complaint on the basis that the complaint failed to state a claim upon which relief could be granted.[3] One of the six grounds urged by appellee Seldovia in support of the motion was that the action was barred by the provisions of AS 09.10.070 of Alaska's Code of Civil Procedure.[4] This is one statutory section of an entire chapter which treats the general subject of limitations of actions. AS 09.10.070, where pertinent, provides that:

> No person may bring an action * * * upon a liability created by statute, other than a penalty or forfeiture; unless commenced within two years.

After memoranda were filed and oral argument heard, the lower court entered an order dismissing the action on the ground that it was barred by the Alaskan two-year statute of limitations. In ruling on the motion, the trial judge stated in part:

> The difficulty with the plaintiff's position is that the Washington statute gives the plaintiff three years to commence his action, and this action was commenced just before the three years had expired. However, the Alaska statute does not give the plaintiff three years to commence his action. The Alaska statute limits the time to two years, being that particular statute which provides that an action which is founded on a statute is to be commenced within two years' time.[5]

In Lillegraven v. Tengs [6] we had occasion to allude to certain well-established conflict of laws principles. In that case we said, in part:

> In her amended complaint plaintiff states that the operation of defendant's

---

an order appointing a receiver was entered. Subsequently, a document entitled "Undertaking in Lieu of Receiver Taking Possession of Vessels" was filed by appellee Seldovia. In part this document, which was executed by Seldovia's treasurer, reads as follows:

> This undertaking is without prejudice to the question of liability for the claims alleged in the Complaint and * * * this undertaking shall stand in lieu of the vessels as though said vessels were actually in *custodia legis*.

3. Civil Rule 12(b) (G).

4. Appellee Seldovia also urged that the superior court had no jurisdiction over the subject matter because the lien was asserted to have been created under RCW § 60.36.010, whereas RCW § 60.-36.020 requires that such liens be enforced "in any district court in this territory." Appellee Seldovia additionally argued that no action for the enforcement of such a lien is provided for by the laws of the State of Alaska, and that no such action exists independently of statute.

Appellee Seldovia also asserted that the claimed lien in question lapsed. In support of this contention, appellee relied upon AS 34.35.180 and AS 34.35.205(a) of Alaska's lien law concerning improvements of chattels. These provisions of our law establish that such liens are of six-months' duration. Appellee also relied on AS 34.35.205(b) which provides:

> No lien may be continued in force for more than one year from stopping of work or services, or after the material is furnished, by an agreement of the parties.

Appellee Seldovia further argued that the vessels in question were all delivered to their owners without appellant having filed the lien notice required by AS 34.-35.185(a) which provides:

> The lien claimant shall, before delivery of the chattel to the owner or his authorized agent, file a lien notice in the office of the recorder of the recording district where the chattel is situated and in which the labor, skill, and materials are expended on the chattel.

5. The trial judge also said in ruling on the motion that:

> The plaintiff concedes that the law of the forum, in other words, the law of Alaska, in this case, controls so far as procedural matters are concerned, but argues in effect that this particular statute wasn't designed to cover the situation we have here. After having considered the matter, all the way around, I'm satisfied that it does cover the matter that we have here and that this action is barred by the Alaska statute, and the Motion to Dismiss is granted on that ground.

6. 375 P.2d 139, 140 (Alaska 1962) (footnotes omitted).

vehicle and the rights of the parties were governed by the British Columbia Motor Vehicle Act. This reliance on the foreign statute is in accord with the general rule in conflict of laws—which we apply in this case—whereby the creation of tort liability is governed by the law of the place of the injury.[7]

■ Similarly, in the case at bar we look to and apply the law of the State of Washington (RCW § 60.36.010) to determine the validity and effect of the lien in regard to appellee Seldovia's interest in the vessels in question.[8]

In Lillegraven v. Tengs[9] we also said that:

This rule, however, applies only with relation to the substantive rights of the parties—it being the traditional approach of the American courts to distinguish between substance and procedure and hold that procedural matters are governed by the law of the forum.[10]

After giving recognition to the "traditional" distinctive treatment accorded substantive and procedural matters in the field of the conflict of laws, we said the following in regard to limitations of actions:[11]

A statutory limitation on the time for commencing actions is generally considered to be a matter of procedure, and thus governed by the law of the place where the action is brought.[12]

Of particular significance to the resolution of the issues in this appeal is what we said in *Lillegraven* concerning the general conflict rule which views limitations of actions as procedural matters to be determined by the law of the forum. As to this rule we said:

But the opposite result has been reached where the court construes the limitation as being directed so specifically to the right of action as to warrant saying that it qualifies or is made a condition of that right. In such a case, after the time has gone by the right is gone, and no action may then be commenced on it even though the general period of limitation in the jurisdiction where the action is sought to be commenced has not yet expired.[13]

7. Cited in support of the quoted text were Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492, 499 (1962). See H. Goodrich, Conflict of Laws § 92 (3d ed.1949); Restatement of Conflict of Laws § 387 (1934); Scheer v. Rockne Motors Corp., 68 F.2d 942, 943 (2d Cir. 1934).

8. Restatement of Conflict of Laws § 279 (1934) states that:

The validity and effect of a pledge or lien on interests in a chattel are determined by the law of the state where the chattel is at the time when the pledge or lien is created.

Section 281 of the Restatement provides:

The power to foreclose a mortgage, lien or pledge on a chattel and the right to redeem are determined by the law of the state in which the chattel was at the time of the mortgage, lien or pledge.

By virtue of our adoption of this rule of conflict of laws, and application of the substantive law of the State of Washington to the lien rights in question, we dispose of appellee's reliance upon the substantive lien provision of our lien laws contained in AS 34.35.180, AS 34.35.185 (a), and AS 34.35.205(a) and (b). See note 4, supra.

9. 375 P.2d 139, 140–141 (Alaska 1962) (footnote omitted).

10. In support of the text was cited Restatement of Conflict of Laws § 585 (1934); H. Goodrich, Conflict of Laws § 80 (3d ed.1949); E. Ailes, Substance and Procedure in The Conflict of Laws, 39 Mich.L.Rev. 392 (1941).

11. Supra note 9, at 141 (footnote omitted).

12. For this proposition we cited Restatement of Conflict of Laws § 585 (1934); H. Goodrich, Conflict of Laws § 80 (3d ed.1949). At 240, Goodrich writes:

The period of limitations of actions of the forum will be looked to in determining whether the plaintiff's action is barred by lapse of time, not the law where the cause of action arose.

13. Lillegraven v. Tengs, 375 P.2d 139, 141 (Alaska 1962) (footnote omitted). Cited in this case were the following: Davis v. Mills, 194 U.S. 451, 454, 24 S.Ct. 692, 48 L.Ed. 1067, 1070 (1904); The Har-

·It is this "built-in" limitation exception to the general rule that the forum's period of limitations governs which appellant relies upon in this appeal.[14] In short, appellant contends that Washington's pertinent lien statute, RCW § 60.36.010, specifically conditioned enforcement of this action to three years and, "Since this limitation qualifies the foreign right, it is a matter of substance and therefore governs the foreign action in Alaska."[15]

Our initial task is to determine whether the Washington three-year period can be construed as falling within the ambit of the "built-in" limitation exception we recognized in *Lillegraven*.[16] RCW § 60.-36.010 provides that:

All steamers, vessels and boats, their tackle, apparel and furniture, are liable—

\* \* \* \* \* \*

(2) For work done or material furnished in this state for their construction, repair or equipment at the request of their respective owners, charterers, masters, agents, consignees, contractors, subcontractors, or other person or per-

---

risburg, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358, 362 (1886); Restatement of Conflict of Laws § 605 (1934); H. Goodrich, Conflict of Laws § 86 (3d ed. 1949).

In this regard Goodrich writes at 243 that:

> Statutes creating a cause of action not infrequently have some such provision as 'provided that the action be brought within one year.' The limitation of time in which such actions may be brought has been construed by courts as applicable to the right itself, not the question of remedy. After the time has elapsed, the right is gone; 'the limitation accompanied the obligation everywhere.'

14. Appellant has not asked us to reexamine the traditional conflict principle that matters of procedure are governed by the law of the forum. Nor are we requested to reexamine the conflict rule that statutes of limitations are generally considered to be procedural for purposes of the foregoing rule.

In regard to this first principle the court in Marshall v. Geo. M. Brewster & Son, Inc., 37 N.J. 176, 180 A.2d 129, 131 (1962), said:

> This \* \* \* principle is said to rest on considerations of convenience and practicability since the local bench and bar may not fairly be expected to familiarize itself with the procedural diversities of the various jurisdictions. \* \* \* Although these considerations would appear to have little pertinency to the bar of limitations, it is generally held that ordinary statutes of limitation are to be viewed as procedural in nature and therefore subject to the law of the forum.

See also Bournias v. Atlantic Maritime Co., 220 F.2d 152, 154 (2d Cir. 1955), for a similar critique.

15. Appellant cites Annot., 95 A.L.R.2d 1162, 1164 (1964) (footnotes omitted), for the following general proposition:

> To the well-established conflicts of law rule that ordinary limitations of actions, being considered as relating merely to the remedy and hence procedural in nature, are governed, along with other procedural matters, by the law of the forum, the exception is generally recognized that where a foreign cause of action is based upon a statute which contains its own limitation (sometimes referred to as a 'built-in' limitation), such limitation is controlling as respects a suit on such cause of action in some other jurisdiction.

See also Kozan v. Comstock, 270 F.2d 839, 841, 80 A.L.R.2d 310 (5th Cir. 1959) (footnotes omitted) wherein it was stated:

> The principle that the prescriptive law of the forum governs is not without exceptions. If a foreign statute of limitations not only bars the remedy but extinguishes the substantive right as well, then the forum will apply the limitation period of the foreign jurisdiction. A statute of limitations extinguishes a substantive right only when the right was not known at common law but was created by a statute.

16. See authorities note 13 supra. In the Restatement of Conflict of Laws § 605 (1934), it is stated:

> If by the law of the state which has created a right of action, it is made a condition of the right that it shall expire after a certain period of limitation has elapsed, no action begun after the period has elapsed can be maintained in any state.

sons having charge in whole or in part of their construction, alteration, repair or equipment; and every contractor, builder or person having charge, either in whole or in part, of the construction, alteration, repair or equipment of any steamer, vessel or boat, shall be held to be the agent of the owner for the purposes of RCW 60.36.010 and 60.36.020, and for supplies furnished in this state for their use, at the request of their respective owners, charterers, masters, agents or consignees, and any person having charge, either in whole or in part, of the purchasing of supplies for the use of any such steamer, vessel or boat, shall be held to be the agent of the owner for the purposes of RCW 60.36.010 and 60.36.020.

\* \* \* \* \* \*

(5) \* \* \* Demands for these several causes constitute liens upon all steamers, vessels and boats, and their tackle, apparel and furniture, and have priority in the order of the subdivisions hereinbefore enumerated, and have preference over all other demands; *but such liens continue in force only for a period of three years from the time the cause of action accrued.* (emphasis supplied)

We hold that Washington's three-year lien limitation is so specifically directed to the lien in question that the limitation qualifies or conditions such right of action.[17] This brings us to what we consider the crucial issue left for determination in this appeal. As a matter of our rule of conflict of laws we must decide whether the "built-in" Washington three-year limitation should be applied rather than Alaska's two-year period of limitations pertaining to liabilities created by statute.[18]

The most frequent situation in which the "built-in" exception has found application is where the forum's period of limitations is longer than that of the lex loci.[19] The rule in such circumstances is that once the foreign limitation is viewed as substantive, then under the "built-in" exception, it is held controlling and applied in place of the forum's longer period of limitations.[20] Here we are faced with the reverse situation, namely, one in which Alaska's limitations period is shorter than that of the foreign jurisdiction. The conflict of laws precedents are divided over

17. In the case of Lane v. Department of Labor & Indus., 21 Wash.2d 420, 151 P. 2d 440, 443 (1944), the court said:
   There are two types of statutes which the courts had to apply. One of them is the statute which either by its plain terms or by the construction given it by the court makes the limitation of time inhere in the right or obligation rather than the remedy. It is sometimes referred to as a statute of nonclaim, and, strictly speaking, is not a statute of limitations at all. In its usual form the statute creates some right or obligation and a time is fixed within which the right must be asserted or the obligation sought to be enforced, or the same will be barred. When the limitation period expires the right or obligation is extinguished and cannot be revived by a subsequent statute enlarging the time limitation. Illustrations of nonclaim statutes in this state are those providing for liens of laborers and materialmen, claims against estates of deceased persons, and claims for damages against municipal corporations.
   See also Hutton v. State, 25 Wash.2d 402, 171 P.2d 248, 250–251 (1946).

18. We have previously set forth the text of AS 09.10.070 which requires the actions upon liabilities created by statutes must be commenced within two years.

19. Alaska's borrowing statute has obviated the necessity for the adoption of this exception as a means of preventing forum shopping. See AS 09.10.220 which reads:
   When a cause of action has arisen in another state or in a territory or foreign country between nonresidents of this state, and by the laws of the state, territory, or country where the cause of action arose that action cannot be maintained because of a lapse of time, the action shall not be maintained in this state.

20. See authorities notes 13, 15, and 16 supra.

resolution of this question.[21] As indicated previously, we hold, under the "built-in" exception, that the three-year period of limitations contained in Washington's statute is substantive and governs the rights of the parties in the case at bar. In short, we hold that where the foreign limitation qualifies or conditions the right of action we will apply the foreign period of limitations, even though longer than our own period of limitations. In reaching this conclusion we choose to follow the Theroux v. Northern Pac. R. R.[22] line of authority. There a wrongful death action was brought in a Minnesota federal court upon a cause of action which had accrued in Montana. The action was commenced after the Minnesota two-year limitation had run but within the three-year period provided in the Montana statute. In holding that the Montana statute of limitations controlled, the court said:

> It must be accepted, therefore, as the established doctrine, that where a statute confers a new right, which by the terms of the act is enforceable by suit only within a given period, the period allowed for its enforcement is a constituent part of the liability intended to be created, and of the right intended to be conferred. The period prescribed for bringing suit in such cases is not like an ordinary statute of limitations, which merely affects the remedy. It follows, of course, that, if the courts of another state refuse to permit the cause of action to be sued upon during a part of the period limited by the foreign law, to that extent they refuse to give effect to the foreign law, and by so doing impair the right intended to be created.[23]

21. In H. Goodrich, Conflict of Laws § 86, 243–44 (3d ed.1949), it is stated in regard to the "built-in" exception to the usual conflict rule pertaining to limitations that:
> Suppose, however, that the lex fori creates a cause of action under similar circumstances, but provides a shorter limitation period. * * * The authorities are divided on the question, which cannot as yet be regarded as settled.

22. 64 F. 84, 85–86 (8th Cir. 1894). For federal authorities which follow *Theroux* and under the "built-in" exception have applied the foreign jurisdiction's period of limitations though longer than that of the forum, see Lewis v. Reconstruction Fin. Corp., 85 U.S.App.D.C. 339, 177 F. 2d 654 (1949), and authorities collected at 655, n. 4; Maki v. George R. Cooke Co., 124 F.2d 663, 664–665, 146 A.L.R. 1352 (6th Cir.), cert. denied, 316 U.S. 686, 62 S.Ct. 1274, 86 L.Ed. 1758 (1942); Keep v. National Tube Co., 154 F. 121, 124 (C.C.D.N.J.1907); Brunswick Terminal Co. v. National Bank, 99 F. 635 (4th Cir.), cert. denied, 178 U.S. 611, 20 S.Ct. 1029, 44 L.Ed. 1215 (1900); Boyd v. Clark, 8 F. 849 (C.C.E.D.Mich.1881) (antedating *Theroux*); State of Maryland ex rel. Thompson v. Eis Automotive Corp., 145 F.Supp. 444, 446 (D.Conn. 1956); Calvin v. West Coast Power Co., 44 F.Supp. 783, 790 (D.Or.1942). For state authorities following *Theroux*, see

Marshall v. Geo. M. Brewster & Son, Inc., 37 N.J. 176, 180 A.2d 129, 131 (1962); State of California v. Copus, 158 Tex. 196, 309 S.W.2d 227, 232–233, cert. denied, 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958); Tice v. E. I. Du Pont de Nemours & Co., 144 W.Va. 24, 106 S.E.2d 107, 111 (1958); Thomas Iron Co. v. Ensign-Bickford Co., 131 Conn. 665, 42 A.2d 145 (1945); Negaubauer v. Great Northern R.R., 92 Minn. 184, 99 N.W. 620 (1904).

23. In Theroux v. Northern Pac. R.R., 64 F. 84, 85–86 (8th Cir. 1894), the court also said:
> [W]hen a statute of a state or country gives a right of action unknown to the common law, and, in conferring the right, limits the time within which action may be brought, such limitation is operative in any jurisdiction where it is sought to enforce such cause of action. * * * Indeed, it may be said that cases of the kind last referred to form a well-established exception to the general doctrine that the lex fori governs in determining whether a cause of action is barred by limitation. An attempt is made to distinguish the case at bar * * * and to exempt it from the operation of the rule declared * * * on the ground that in that case an effort was made to enforce a statutory cause of action in a foreign jurisdiction after it had ceased to be enforceable in the country by whose

In Lewis v. Reconstruction Fin. Corp.[24] the court discussed the divergence of authorities on this question, and in deciding to follow the *Theroux* case said:

> However, there is a line of opposing authority which takes the view that as to rights of action of a purely statutory nature, such as the so-called wrongful death statutes, the time thereby prescribed for filing suit operates as a limitation of the liability itself as created by the statute, and not of the remedy alone. It is deemed to be a condition attached to the right to sue. As such, time has been made of the essence of the right, which is lost if the time is disregarded. The liability and the remedy being created by the same statute, limitation of the remedy must be treated as limitation of the right.[25]

■ We are of the further opinion that adoption of the *Theroux* view is not contrary to any public policy of Alaska and on this particular record will not result in injustice to appellees.[26] In regard to the public policy considerations involved, it has been said in regard to the *Theroux* view that:

> In favor of * * * it may be said that such a special statutory limitation, by hypothesis, affects substance and is therefore *prima facie* inapplicable to the foreign cause of action. Adherence to the limitation contained in the statute creating the plaintiff's right promotes the uniform enforcement of vested interests and is therefore highly desirable. The cases insisting that the forum must regard its own statute as fixing the upper limit rest upon the dubious assumption that it will outrage the public policy of the forum to give foreign suitors rights which are denied to its own citizens. Such assumption overlooks the fact that in these cases the time limit is by hypothesis a part of the substantive right created, and that such rights should be disregarded only

laws the right of action was given, whereas in the case at bar the effort is simply to bar a statutory cause of action, when sued upon in a foreign state, by applying thereto the local limitation law which is applicable to similar causes of action when they originate within the state. We recognize the obvious difference between the two cases, but we think that it will not suffice to withdraw the case in hand from the operation of the rule enunciated * * *. It was said, in substance, by Mr. Chief Justice Waite, in The Harrisburg, supra, that when a statute creates a new legal liability with the right to sue for its enforcement within a given period, and not afterwards, the time within which suit must be brought operates as a limitation of the liability, and not merely as a limitation of the remedy.

24. 85 U.S.App.D.C. 339, 177 F.2d 654, 655 (1949) (footnote omitted).

25. In *Lewis* the court also said in regard to the rule contrary to *Theroux* that this body of considerable authority
rests upon the view that a time limitation prescribed by a statute creating a right of action, is a declaration of public policy by the enacting state against the institution of any suit of like na-

ture in its courts beyond the period prescribed by its law; that otherwise the effect would be to extend to residents of a state allowing a longer limitation more liberal rights than those accorded its own residents. Hence, where such a conflict arises, the policy thus declared by the state where the suit is brought must prevail over any demands of comity.
Id. at 655.
At 655, n. 3 of the opinion in the *Lewis* case are collected the authorities contra to *Theroux*. Of these authorities see in particular Cauley v. S. E. Massengill Co., 35 F.Supp. 371, 373 (D.Tenn. 1940); Foley v. Pittsburgh-Des Moines Co., 363 Pa. 1, 68 A.2d 517, 521-522 (1949) and White v. Govatos, 1 Terry 349, 40 Del. 349, 10 A.2d 524, 527-529 (1939).

26. Here appellee contracted for and received labor and materials in the State of Washington. Both appellant and appellee Seldovia are Washington corporations and of the two only Seldovia is certificated to conduct business in Alaska. Further, after the materials and labor were furnished in Washington, the vessels were thereafter removed by Seldovia to Alaska. No third parties have intervened in this action.

upon the most imperative considerations of public policy.[27]

Upon the foregoing we have concluded that the superior court's dismissal of appellant's cause of action was erroneous. The superior court order of dismissal is set aside and the case is remanded for further proceedings.

27. E. Ailes, Limitation of Actions and The Conflict of Laws, 31 Mich.L.Rev. 474, 497 (1933). See 32 Rocky Mount. L.Rev. 287, 293 (1960) (footnotes omitted), where it is stated:

It should be recognized that the primary goal in Conflicts is to establish a system in which the choice of the forum will not affect the result. Thus, a contract made and to be performed in State A, involving citizens of that state, is dealt with under the contract law of State A, whatever the forum. Or, applying the local law articulation, the forum will, for the purpose of the case presented, adopt as its own the contract rules of A. Consideration, offer, acceptance, and all other 'substantive' matters are governed by A's law. All states would accept it as controlling, whether on a place of making, a place of performance, a center of gravity, a proper law, or any other theory. Why such unanimity? No local interest is presented to induce a court to depart from the general goal of uniformity, and all seem to accept it as a desirable goal. In the limitation of action area, where the facts are completely foreign to the forum, a similar absence of competing local interests appears—except, perhaps, that interest dealing with the hearing of stale claims. Also, in most cases, the foreign interests are those of sister states which are a part of the same federal system. Despite the similarity of considerations, the same courts which look to the contract law of State A mechanically ignore A's statute of limitation. In fact, they ignore all time periods but their own. The defendant who remains amenable to process in State A for its entire statutory period is, under the common-law rule, placed in the position of remaining in A or subjecting himself to the risk of suit elsewhere.

See also 48 Mich.L.Rev. 870, 871 (1950), where it is said that:

On the basis of precedent, logic, and symmetry of the law, it would seem that the limitation of the forum should apply even to cases of statute-created rights. But in light of modern ideas as to the need for an elastic concept of what is procedural and what is substantive, and with due regard to the plaintiff's prospects of recovering against a resident of the forum, there would seem to be great merit in the approach of those courts holding the limitation in the creating statute an inherent part of the right.

See generally, Statutes of Limitation: Lex Loci or Lex Fori, 47 Va.L.Rev. 299 (1961), and in particular the conclusions reached at 313.