**ALASKA AIRLINES, INC., Plaintiff,**

v.

**LOCKHEED AIRCRAFT CORPORATION,**
**Defendant,**

**Lockheed-Georgia Co., Defendant,**

**Does 1 through 10, Inclusive, Defendants.**

**Civ. No. A75–241.**

United States District Court,
D. Alaska.

April 7, 1977.

As Amended April 18, 1977.

Charles E. Cole, Fairbanks, Alaska, James J. McCarthy, Los Angeles, Cal., for plaintiff.

Robert B. Baker, Robertson, Monagle, Eastaugh & Bradley, Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

THIS CAUSE comes before the court on defendants' motion for summary judgment. The basis for the motion is that most of the claims for relief are barred by various statutes of limitation, and that a claim based on strict liability in tort is not allowed in this case.

This case involves alleged wing crack defects in four aircraft purchased by the plaintiff. The basic facts constituting the timing of these purchases are not in dispute. Aircraft number N9263R (herein-after "the first aircraft") was purchased by plaintiff from a division of Lockheed corporation on December 14, 1965. Aircraft number N9227R (hereinafter "the second aircraft") was purchased from the same party on September 26, 1966. Aircraft number N9248R (hereinafter "the third aircraft") was originally sold by Lockheed to a third party and leased by plaintiff from that party in November, 1968. Aircraft number N920NA (hereinafter "the fourth aircraft") was sold by Lockheed to the Republic of Zambia in August, 1966, and subsequently leased by plaintiff from National Aircraft Leasing in March, 1969.

The first aircraft was sold by plaintiff to Saturn Airways in December, 1971. The second aircraft was sold to Saturn in December, 1972. The lease on the third aircraft was terminated in September, 1969, and the lease on the fourth aircraft was terminated in September, 1971.

The present action was filed in the Superior Court for the State of Alaska on July 15, 1975, and defendants were served with a summons and complaint on July 25, 1975. On August 22, 1975, the case was properly removed to this court based on diversity of citizenship. 28 U.S.C. § 1441.

The present motion was filed in August, 1976, and after several extensions of time it was fully briefed and argued in late December, 1976. Upon a specific request from the court, further briefing and evidence was provided by both parties in order to clarify their positions on certain issues. The court notes that approximately two and one-half months have been afforded plaintiff to gather evidence on one specific point, fraudulent concealment, following oral argument.

Several of the issues presented in this case potentially involve complex choice of law issues with contacts in three states. Under such circumstances this court is required to adopt the conflicts rules that an Alaska State court would adopt in this instance. *Klaxon v. Stentor Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Day & Zimmermann v. Chal-*

*loner,* 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975). Because of the paucity of conflicts decisions from the Alaska courts, and the vintage of those decisions in this rapidly changing and uncertain area of law, the court will base its decision on other grounds where possible.

*Count I–Strict Liability in Tort*

■ The potential choice of law issues involved in the motion on this count relate to which state's law governs the availability of this theory and what statute of limitations governs. However, as the court concludes that this theory is not available in any of the interested states the conflicts issues can be avoided.

In Alaska the Supreme Court has recently held that the theory of strict liability in tort is not available for purely economic damages. *Morrow v. New Moon Homes, Inc.,* 548 P.2d 279, 285–86 (1976). The present complaint presents a theory of liability and a type of damage that is practically identical to that in *Morrow* and recovery under such a theory is not allowed in Alaska.

The same rule of law is followed in Washington. In *Berg v. General Motors Corp.,* 13 Wash.App. 326, 534 P.2d 838 (1975) the Washington Court of Appeals explicitly recognized the implication of a prior case that strict liability is not allowed for this type of economic loss. *Id.* at 841; *See Bombardi v. Pochel's Appliance & T. V. Co.,* 9 Wash.App. 797, 515 P.2d 540, 546 (1973), mod. on other grounds 10 Wash.App. 243, 518 P.2d 202 (1974).

In the final state with a possible contact with this transaction, Georgia, this action is barred for an entirely separate reason. In Georgia the theory of strict liability is not available to a corporate entity such as plaintiff. *Center Chemical Co. v. Parzini,* 234 Ga. 868, 218 S.E.2d 580 (1975), *Ellis v. Richs, Inc.,* 233 Ga. 573, 212 S.E.2d 373 (1975). Thus Count I must be dismissed.

An entirely separate basis for dismissing this claim is that it is barred by the statutes of limitations in each of the respective states. *See* pg. 140, *infra.*

*Count III–Breach of Implied and Express Warranties.*

Defendant contends that the four year statute of limitations contained in the UCC as adopted by each state governs these actions. Plaintiff at one point agrees with that assessment, Memorandum of Oct. 7, 1976, at pg. 27, but at another point contends that under common law theories a longer period would apply, Memorandum of Oct. 7, 1976, at pg. 22.

The court will deal first with the UCC provision and the claims thereunder. All three states with potential interests in this claim have adopted the identical UCC provision. UCC section 2.725 provides that:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . .

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except where a warranty explicitly extends to future performance of the goods . . ..

(4) This section does not alter the law on tolling of the statute of limitations . . . .."

Alaska Statutes § 45.05.242, Code of Georgia, Title 109A, § 109A–2–725, Revised Code of Washington, Title 62A, § 62A.2–725.

This UCC provision makes it abundantly clear that absent some tolling of the statute of limitations that these claims are now time barred. Except for circumstances not applicable here, UCC § 2–725(2), the statute begins to run at the time of tender of delivery. The statute makes the aggrieved party's knowledge of the breach irrelevant and, therefore, "the clock ticks even though the buyer does not know that the goods are defective." White & Summers, *Uniform Commercial Code,* § 11–8, p. 341 (1972). Accordingly, absent some tolling as is allowed by section 2–725(4) all of these claims

would be barred, as four years after tender of delivery of the last aircraft was March, 1973.[1]

■ The only theories upon which plaintiff seeks to toll the statute of limitations are equitable estoppel and fraudulent concealment. Although defendants maintain that plaintiff should amend its complaint to comply with rule 9(b), Fed.R.Civ. Proc., before asserting fraudulent concealment the court does not need to pass upon that issue. The essence of both fraudulent concealment and equitable estoppel is that defendant should not be allowed to lead the plaintiff into believing the statute of limitations would not be applied or fraudulently conceal facts from the plaintiff and then profit thereby. Here, however, the facts preclude plaintiff from successfully asserting these tolling doctrines.

■■ Following oral argument the court issued the following query by order to plaintiff:

"What specific information other than that which Alaska Airlines was aware of on August 27, 1970, led Alaska to the conclusion that it was entitled to file a complaint in this case?

Please submit affidavits or other admissible evidence to support this answer and include dates where important."

This order came nearly a year and a half after this suit was instituted, four months after this motion was filed, and plaintiff took nearly three months to respond. The sum total of the evidence presented on the issues is an affidavit of plaintiff's house counsel which indicates that the financial condition of plaintiff at the time precluded suit. The court of course is aware that summary judgment is not proper if the party opposing the motion has not had sufficient time to gather factual material. In this case, however, more than ample time has been granted and plaintiff has present-

ed no facts which support the theory of fraudulent concealment or equitable estoppel after Aug. 27, 1970. As such the last possible date for bringing the UCC related actions, without respect to a reasonableness factor, would have been August 27, 1974. These claims are time barred.

■ The next issue is the availability of actions based on express and implied warranties outside of the UCC and the statute of limitations that would apply to such a claim. In Alaska the law is clear that when the UCC provides a specific right and remedy that the common law has been supplanted. *Prince v. LeVan,* 486 P.2d 959, 962 (1971). As was implicit in the previous discussion the UCC in Alaska is available for breaches of express and implied warranties. A.S. §§ 45.05.094–45.05.098; UCC § 2–314–318. Hence, in Alaska there is no right to a common law action for breaches of these warranties.

Unfortunately the court's research has not produced any cases from Georgia or Washington which have a similar holding. It might be logical to assume that as Washington and Georgia have adopted UCC sections similar to that upon which *Prince v. LaVan, supra,* was based, Code of Georgia, Title 109A, § 109A–1–103; Revised Code of Washington, Title 62A, § 62A.1–103 that those states would reach the same result. *But see Code of Georgia,* Title 3, § 3–705 (Harrison) Editorial Note. However, as the subsequent step in the analysis necessarily involves some uncertainty the appropriate path is for this court sitting in diversity to construe the law of Alaska.

The issue of whether the action on common law warranty claims are available and if so what is the appropriate statute of limitations arises because it is possible that these claims are subject to a six year statute of limitations. Code of Georgia, Title 3, § 3–705; Revised Code of Washington, Title

---

1. This date, chosen by defendants, is four years after tender of delivery by a third party to plaintiff. As it is not necessary for the purposes of this motion the court has not ruled upon whether this tender of delivery restarts "the clock" when defendants last tendered de-livery of this aircraft several years earlier. It seems probable, however, that four years after the last tender of delivery by defendants to the third party is the final date on which an action could have been maintained.

4, § 4.16.040(2). However, as the court concludes that the appropriate statute of limitations for such claims in the present case is four years as provided by Alaska law and they are, therefore, time barred it is not necessary to ascertain whether such claims would otherwise be available.

As to the first and second aircraft there is an initial question which must be answered before the court can move on to general conflict of laws principles. In the contracts for these two aircraft there were explicit choice of law provisions[2] which state:

"This Contract shall be construed and performance thereof shall be determined according to the laws of the State of Georgia."

Defendants maintain that these choice of law provisions do not govern the statute of limitations. Plaintiff takes an opposing view based on two theories. It first maintains that the provision clearly deals with the statute of limitations. In the alternative it maintains that if the clause is ambiguous it must be construed against the drafters, defendants. The court finds neither argument persuasive.

■ These choice of law provisions, which are proper under Alaska law, A.S. § 45.05.010(a), govern construction of the contract and performance of the contract. As the clauses are unambiguous there is no necessity to construe them against the drafters. *United States v. Henry,* 427 P.2d 584, 585 (1967). In addition, in Alaska statutes of limitations are generally regarded as procedural, *infra,* and such choice of law provisions do not control. *Cleveland Lumber Co. v. Proctor & Schwartz, Inc.,* 397 F.Supp. 1088, 1091 (N.D.Geo.1975).

As these choice of law provisions do not control the court must look to general conflicts principles to ascertain which state's statute of limitations will apply. This discussion relates to all four aircraft as the parties agree that there was no applicable

choice of law provision governing the third and fourth aircraft.[3]

The most recent pronunciations of the Alaska Supreme Court on a choice of law theory occurred in *Armstrong v. Armstrong,* 441 P.2d 699 (1968). Although it is asserted that Alaska adopted an interest analysis in that case the assertion is not well taken. In *Armstrong* the Alaska court explicitly reserved for future consideration the question of whether it would adopt one of the more modern choice of law approaches. *Id.* 441 P.2d at 704. The basis of the holding, therefore, was a very narrow one involving a choice of law question not involved in the present case. *See Armstrong v. Armstrong: The Case for Interest Analysis in Conflicts of Law,* 2 U.C.L.A. Alaska L.Rev. 34, 34–35 (1972).

The opportunity for the Alaska Supreme Court to adopt a more modern approach to choice of law questions has not presented itself. The most recent decision on choice of law regarding statutes of limitation was in *Marine Construction and Design Co. v. Vessel Tim,* 434 P.2d 683 (1967). In that case the court reiterated its earlier holdings that, with certain exceptions not applicable here, statutes of limitation are procedural and governed by the place where the action is brought. *Id.* 434 P.2d at 686; *see also Lillegraven v. Tengs,* 375 P.2d 139, 141 (1962).

■ In the area of choice of law the intervening nine years since the Alaska Supreme Court last spoke to this issue have been years of tremendous revolution. While the rule announced in that decision may now be outdated it is a relatively recent authoritative expression of the highest court in Alaska on the law applicable to the facts of this case and the court is bound by it. *Delta Air Lines v. McDonnell Douglas Corp.,* 503 F.2d 239, 245 (5th Cir. 1974), cert. den. 421 U.S. 965, 95 S.Ct. 1953, 44

---

2. There were also choice of law provisions in the initial contracts for the third and fourth aircraft. As the plaintiff herein leased these aircraft from the party with whom defendants made the contract containing the provisions it

has specifically stated that those choice of law provisions do not control herein.

3. *See* note 2. *supra.*

L.Ed.2d 451; *See generally* 1A *Moore's Federal Practice,* ¶ 0.309[1].

■ Professor Moore suggests that blind adherence to outdated state precedent is not always proper. *Moore's Fed.Prac., supra.* In the area of conflicts, however, where at least two major modern approaches are viable it is not possible to predict how the Alaska Supreme Court would decide this question today.[4] In the absence of a certification procedure the court, therefore, must follow this precedent.[5]

■ Having determined that the law of Alaska is applicable on the statute of limitations issue the next question is which statute. In addition to the four year statute contained in the UCC there is also a six year statute generally applicable to contracts. A.S. § 09.10.050(1). Although the assumption upon which this discussion has rested has been that there is a common law suit for breach of express and implied warranties available the court finds that these actions would still be governed by the UCC statute of limitations. If such common law actions were available in Alaska it appears that this specific statute would be applicable to them. A.S. § 45.05.006. As the legislature has expressed a strong opposition to the extension of any period of limitations, A.S. § 45.05.242(a), the only possible conclusion is that the four year statute of limitations contained in the UCC is applicable to these actions and they are time barred.

## Count II—Negligence

■ Defendants maintain that the claim based on negligence is barred for two rea-sons. They assert that the claim has been preempted by the UCC and that it is time barred. For their assertion that the negligence claim is preempted the defendants point to *Morrow v. New Moon Homes,* 548 P.2d 279 (1976). While the court finds it unlikely that *Morrow* extends the UCC preemption in Alaska to negligence it does not need to reach that issue.[6]

As the injury which occurred herein was not committed by force the appropriate limitation period is two years if Alaska law applies. A.S. § 09.10.070(1), *James v. Henry,* 157 F.Supp. 226, 227 (D.V.I. 1957). Without reference to the previous discussion concerning the substance/procedure distinction regarding the statute of limitations this action would also be barred by the four year statute of limitations in Georgia, Code of Georgia, Title 3, § 3–1002, and the three year statute of limitations in Washington, Revised Code of Washington, Title 4, § 4.16.080(2). Hence, this claim must be dismissed.

## Remaining Claims

■ Plaintiff asserts a number of common law claims and remedies including intentional misrepresentation, fraud, assumpsit, intentional failure to warn and make adequate recommendations. Defendants assert that these should not be considered by the court for various procedural reasons. While the court is inclined to agree that these claims may not be properly before the court at this time the court will consider the merits of the claim rather than requiring plaintiff to make a futile attempt to amend its complaint. As with the negligence claim those actions that sound in tort are barred by Alaska law and the law of

---

4. Several days prior to this court's decision on this matter the Supreme Court of Alaska reaffirmed the substance procedure dichotomy announced in its previous cases. *Hamilton v. Seattle Marine & Fishing Supply Co.,* 1977, 562 P.2d 333, 337 (1977). The slip opinion was received by this court after the present opinion was issued and clearly supports the result reached herein.

5. The specific conflicts section of the code is of little value. It states that the law of Alaska will be applied if there is an "appropriate rela-tion" to the state. A.S. § 45.05.010. Precisely what constitutes an "appropriate relation" however is not entirely certain. *See generally* Annot.: *UCC–"Reasonable," "Appropriate" Relation,* 63 A.L.R.3d 341.

6. A necessary predicate to such a finding would be that forum law governed on the issue of what theories of recovery were available. This conflicts issue was apparently present in *Morrow* but not considered by the court.

each state possibly involved. As with the UCC contract claims it appears that the claims for fraud and misrepresentation (UCC § 2–721) and assumpsit (UCC § 2–714) are barred by the four years statute of limitations, contained in each state's UCC. Those claims that arise in contract which may not be UCC based are, like the common law express and implied warranties, barred by Alaska's four year statute of limitations.

The remaining issues of material fact urged by plaintiff are irrelevant to the holding herein.

Accordingly IT IS ORDERED:

THAT defendants' motion for summary judgment is granted, and defendants' counsel forthwith may prepare an appropriate judgment form.