Fred R. STEWART, et ux. and et
al., Appellants,

v.

The UNITED STATES of America et
al., Respondents.

No. 78–1878.

United States Court of Appeals,
Ninth Circuit.

June 4, 1980.

Terry E. Coffin, Runft & Longeteig,
Chartered, Boise, Idaho, for appellants.

Jacques B. Gelin, Washington, D. C., ar-
gued for respondents; Maryann Walsh,
Washington, D. C., on brief.

Before ELY and ALARCON, Circuit
Judges, and CRAIG,* District Judge.

PER CURIAM:

In 1974, when Congress enacted legisla-
tion establishing the Sawtooth National
Recreation Area, 16 U.S.C. § 460aa, *et seq.*,
(the Act), it provided a six-month statute of
limitations for facial challenges to adminis-
trative regulations implementing the Act.
Appellants made a timely filing, challeng-
ing the constitutionality both of the Act
*and* of regulations adopted by the Interior
Department pursuant to the statutory au-
thority. After appellants amended their
complaint once, a three-judge district court
dismissed for lack of subject matter juris-
diction on June 25, 1976. By its terms,
however, the dismissal order only adjudicat-
ed the issue of the constitutionality of the
Act and did not consider the separate ques-
tion of the constitutionality of the regula-
tions. The order specified that it was
"without prejudice to the right of amend-
ment."

One of the original plaintiffs, Phyllis
Stewart, attempted to cure the jurisdiction-
al defects by individually filing a second-
amended complaint essentially alleging the
same cause of action. On August 23, 1976,
the three-judge district court issued an or-
der denying her motion to file an amended

---

* The Honorable Walter Early Craig, United States District Judge, District of Arizona, sit-
ting by designation.

complaint and making the June 25, 1976 order of dismissal final. The court again did not consider the issue of the constitutionality of the regulations, nor was that issue raised on appeal to the Supreme Court, which summarily affirmed on February 22, 1977.[1]

Appellants' third-amended complaint, challenging only the regulations, was dismissed because the six-month period had expired. They appeal.

 A summary affirmance by the Supreme Court only disposes of issues or claims considered by the lower court and raised on appeal. *Confederated Bands and Tribes of the Yakima Indian Nation v. State of Washington*, 550 F.2d 443, 444 (9th Cir. 1977) (en banc). The question of the constitutionality of the regulations, though raised in the appellants' original and amended complaints, was not adjudicated by either the June 25 or August 23, 1976 orders of the three-judge district court and was not before the Supreme Court on February 22, 1977. Because the summary affirmance by the Supreme Court was without effect as to the issue of the constitutionality of the regulations, that portion of the appellants' original complaint has not been extinguished. Their third-amended complaint may be "related back" to the initial filing under Fed.R.Civ.P. 15(c) so as to be timely.[2]

The judgment is

REVERSED.

1. At the hearing on the motion to file the third-amended complaint, the district judge, sitting singly, stated that:

 Certainly, I think in all fairness to the plaintiffs, it ought to be said that they didn't get the regulations determined. The validity of the regulations were not, so far as I know, ever considered by the court. The only thing that was considered was whether or not Congress had the power to authorize such regulations but the regulations themselves were never before the court because it didn't get to that point.

2. Fed.R.Civ.P. 15(c) provides, in pertinent part, that:

 (c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.