Ricardo SANTANA, Plaintiff-Appellant,

v.

HOLIDAY INNS, INC., Gene Johnson, Randy Scheets, Bruce Faltin as employees Holiday Inns, Inc., Defendants-Appellees.

No. 81–5383.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 1, 1982.

Decided Aug. 17, 1982.

Allen B. Bickart, Kanne & Bickart, Phoenix, Ariz., for plaintiff-appellant.

Ben C. Thomas, Stinson, Douglas & Thomas, Phoenix, Ariz., for defendants-appellees.

Before WALLACE, NELSON and CANBY, Circuit Judges.

WALLACE, Circuit Judge:

In this diversity case, Santana appeals from a summary judgment granted in favor of Holiday Inns, Inc. and two of its employees (Holiday Inns) on the ground that the statute of limitations had run in his action for slander. He challenges the summary judgment and also argues that the district court erred in subsequently striking his motions for leave to amend the complaint and to transfer the action pursuant to 28 U.S.C. § 1406. We conclude that the district court properly granted the motion for summary judgment and did not err in striking the motion to transfer, but did err in striking Santana's motion for leave to amend. Therefore, we affirm in part and reverse and remand in part.

I

In April of 1978, Santana, a flight attendant, was on a layover at a Holiday Inn in Boise, Idaho. A Holiday Inn employee reported to another employee that Santana had made improper sexual advances toward him. This in turn was reported to the Holiday Inn manager, who told Santana's flight captain. As a result of this chain of events, Santana's employment was terminated. After arbitration proceedings, he was reinstated without back pay.

Idaho has a two-year statute of limitations for libel and slander actions. Idaho Code § 5–219(5). In Arizona the limitations period is one year. Ariz.Rev.Stat. § 12–541(1). In April of 1980, just short of the running of the Idaho statute of limitations, Santana filed his slander complaint in the District Court for the District of Arizona. Holiday Inns moved for summary judgment based on the one-year Arizona statute of limitations. Santana then moved for leave to file an amended complaint setting forth an additional claim for intentional interference with employment relations. Santana also moved to transfer the action to the District Court for the District of Idaho. The district court granted summary judgment against Santana on his slander claim on the ground that the action was barred by Arizona's one-year statute of limitations. The court then struck the pending motions to amend and transfer as moot.

This appeal involves the following issues: (1) whether the district court erred by applying the statute of limitations of the forum state to bar Santana's claim for slander, and (2) whether Santana's amended action was saved by "relation back" under Fed.R.Civ.P. 15(c). We need not address the motion to transfer because venue was not improper.[1]

II

Santana argues that the district court erred by applying the statute of limitations of the forum state, Arizona, rather than the statute of limitations of Idaho, to his slander claim. Both parties recognize that in a diversity case, the federal court must apply the conflict of law rules that the forum state would apply. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313

1. Transfer is permissible under 28 U.S.C. § 1406(a) only if the suit was filed in a district of improper venue. Because Santana is a resident of Arizona, venue was proper in the District Court for the District of Arizona. 28 U.S.C. § 1391(a).

U.S. 487, 496–97, 61 S.Ct. 1020, 1021–1022, 85 L.Ed. 1477 (1941). Santana contends that in *Schwartz v. Schwartz*, 103 Ariz. 562, 447 P.2d 254 (1968) (en banc), Arizona adopted the "most significant contacts" rule, as set forth in Restatement (Second) of Conflict of Laws § 145 (1971) (formerly § 379), as a means of resolving choice of law problems in tort cases. In *Ross v. Ross*, 96 Ariz. 249, 393 P.2d 933 (1964) (en banc), however, Arizona adopted the general rule that statutes of limitations are determined by the law of the forum. " 'Matters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitations, depend upon the law of the place where the suit is brought.' " *Id.* at 251–52, 393 P.2d at 934 (*quoting Scudder v. Union National Bank*, 91 U.S. 406, 413, 23 L.Ed. 245 (1875)). *See also Weller v. Weller*, 14 Ariz.App. 42, 47–48, 480 P.2d 379, 384–85 (1971). As we concluded in *Strickland v. Watt*, 453 F.2d 393, 394 (9th Cir. 1972) (per curiam), when there is a conflict between forum and foreign statutes of limitations, Arizona courts apply the Arizona statute. *See* Restatement (Second) of Conflict of Laws, *supra*, § 142 Comment d. We have been cited to no recent Arizona cases indicating that our conclusion in *Strickland* is now incorrect.

■ Thus, the district court properly applied Arizona's one-year statute of limitations.[2] Santana, however, suggests that summary judgment was inappropriate because the legal issue decided by the district court was so complex that further factual elucidation was essential for a decision. *See Eby v. Reb Realty, Inc.*, 495 F.2d 646, 649 (9th Cir. 1974). This argument is frivolous. Selection of the applicable statute of limitations by the district court did not re-

quire the resolution of a factual issue, nor did Santana present any issue of fact as to when the limitation period began or if the statute had been tolled. Once the district court correctly concluded that Arizona's one-year limitations period was applicable, summary judgment for Holiday Inns on the slander claim was mandated by Rule 56(c) of the Federal Rules of Civil Procedure.

### III

■ Santana moved for leave to amend his complaint to add a claim for interference with employment relations. The statute of limitations had run on that claim unless the amendment may be deemed to "relate back" under Rule 15(c) of the Federal Rules of Civil Procedure. Rule 15(c) provides that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The justification for this rule is that once litigation has been instituted, a party should not be entitled to the protection of the statute of limitations against the later assertion of a claim or defense arising out of the same conduct, transaction or occurrence already in dispute. 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1496, at 482–83 (1971). Thus, in *Tiller v. Atlantic Coast Line Railroad*, 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465 (1945), where the plaintiff in a wrongful death action amended her complaint after the limitations period had expired to add a new claim based on a separate federal statute, the Supreme Court held that relation back was proper. "There is no reason to apply a statute of limitations when, as here, the respondent

**2.** Santana incorrectly relies on *Marine Construction & Design Co. v. Vessel Tim*, 434 P.2d 683 (Alaska 1967). That decision involved an action to enforce a statutory lien for labor and materials and fell within the "built-in" limitation exception to the general rule that the forum's period of limitations governs. *Id.* at 687. Where the statute of a foreign state bars the substantive right and not merely the remedy, the forum state will often apply the foreign state's statute of limitations. *See* Restatement

(Second) of Conflict of Laws § 143 (1971). However, "[t]he almost invariable prerequisite is that the liability sought to be enforced must have been created by statute." *Id.*, Comment c. *See Marine Construction & Design Co. v. Vessel Tim*, *supra*, 434 P.2d at 686 n.13. Liability for slander in this case arises at common law. Santana has not supported his argument that the Arizona courts would apply Idaho's two-year statute of limitations on the ground that it bars the right and not the remedy.

has had notice from the beginning that petitioner was trying to enforce a claim against it because of the events leading up to the death of the deceased in the respondent's yard." *Id.* at 581, 65 S.Ct. at 424 (footnote omitted).

█ The first question before us is whether an amendment can relate back under Rule 15(c) to a complaint that is time-barred by the applicable statute of limitations. The Fifth Circuit answered this question affirmatively in *Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184 (5th Cir. 1980). There, despite the fact that the plaintiff's original section 1981 claim for racial discrimination was barred by the statute of limitations, the court held that an amendment alleging a claim under Title VII could relate back under Rule 15(c). *Id.* at 1187. Such a result is consistent with the plain language of the Rule as well as with its purpose. Once the defendant is in court on a claim arising out of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added. The existence of an affirmative defense to the original complaint, such as lack of personal jurisdiction or the running of the statute of limitations, has no effect on whether the original pleading put the opposing party on notice of the substance of what is sought to be added by amendment. Indeed, we have held that relation back is proper even where the original complaint failed for lack of subject-matter jurisdiction. *Stewart v. United States*, 620 F.2d 740 (9th Cir. 1980) (per curiam). It is the "conduct, transaction, or occurrence" test of Rule 15(c) which assures that the relation back doctrine does not deprive the defendant of the protections of the statute of limitations.

█ It is apparent from Santana's original complaint that Holiday Inns was not taken by surprise by the addition of the claim for interference with employment relations. Paragraph 9 of Santana's original complaint states:

As a direct and proximate result of the actions of the defendants, plaintiff was terminated from his position of employment at Hughes Air West from the period of May 1, 1978 through June 29, 1979 and received no compensation for this period, in excess of one year.

Furthermore, Santana's original prayer for relief requested judgment against Holiday Inns for "his monetary losses in the form of lost wages." Evidence of the conduct and occurrences tending to support Santana's claim for interference with employment relations could have been introduced under his former claim for slander. In such a case, we have held that relation back is not objectionable. *Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966). It is also the prevailing view that an amendment which changes the legal theory on which an action initially was brought is of no consequence to the question of relation back if the factual situation out of which the action arises remains the same and has been brought to the defendant's attention by the original pleading. *See Tiller v. Atlantic Coast Line Railroad, supra*, 323 U.S. at 575, 581, 65 S.Ct. at 422, 424; *Harkless v. Sweeny Independent School District*, 554 F.2d 1353, 1359–60 (5th Cir.), *cert. denied*, 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed.2d 452 (1977); *Southern Colorado Prestress Co. v. Occupational Safety & Health Review Commission*, 586 F.2d 1342, 1347 (10th Cir. 1978); 3 J. Moore, *Moore's Federal Practice* ¶ 15.15[3], at 15–198 to 15–205 (2d ed. 1982). Therefore, because Holiday Inns had notice of the factual basis of Santana's claim for interference with employment relations, which arises out of the same conduct, transaction or occurrence as his time-barred slander claim, relation back was proper.

It appears that through the relation back doctrine, Santana's second claim was timely filed. Here, however, not only has the statute of limitations run on the original claim, but by the time that amendment was sought, the statute had also run on the second claim. Holiday Inns argues that whether the statute of limitations was tolled by the filing of Santana's original complaint is a matter of state law, and asserts that under *Peters v. M & O Construction, Inc.*, 119 Ariz. 34, 579 P.2d 72

(Ct.App.1978), the filing of a defective complaint does not toll the statute of limitations. Santana failed to discuss this question in his brief.

 Although at one time there was much debate over how a district court in a diversity action should choose between a Federal Rule of Civil Procedure and a contrary state provision, the question is no longer in doubt. *See* 19 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4508 (1982). In *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the Supreme Court concluded that if there is a federal rule of procedure covering a particular point of practice or pleading in dispute, such rule governs in a federal diversity action even if resort to state law would lead to a different result. The only limitation on this principle is that the federal rule must not violate the Rules Enabling Act, 28 U.S.C. § 2072, or the Constitution. 380 U.S. at 463–64. Rule 15(c) deals expressly with the relation back of amended pleadings and covers amendments alleging an additional cause of action. *See* 6 C. Wright & A. Miller, *Federal Practice and Procedure, supra,* § 1503, at 534. Holiday Inns has not suggested that Rule 15(c) is invalid under the Rules Enabling Act or under the Constitution. We conclude that *Hanna* commands application of Rule 15(c) in the face of a contrary state rule, and is thus applicable in the present case. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 611–12 (4th Cir.), *cert. dismissed*, 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980); *Skidmore v. Syntex Laboratories, Inc.*, 529 F.2d 1244, 1249 (5th Cir. 1976); *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413, 416 (8th Cir. 1967). *But see McNamara v. Kerr-McGee Chemical Corp.*, 328 F.Supp. 1058, 1059 (E.D.N.C.1971).

Holiday Inns urge us to look to state law to fill asserted "interstices" in federal law. But there are no interstices in this case to fill. There is an applicable Federal Rule of Civil Procedure which neither violates the Constitution nor exceeds the delegation of rulemaking authority embodied in the Rules Enabling Act. Thus, since we have held

that Rule 15(c) can apply even when the original cause of action is time-barred, the district judge erred in striking Santana's motion to amend for mootness. Had the issue properly been decided in Santana's favor, the controversy would have remained very much alive.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.