John D. **ASSAD** and **John D. Assad, Inc.**

v.

**LIBERTY CHEVROLET, INC.,** General Motors Corporation, and General Motors Acceptance Corporation.

Civ. A. No. 88–0302B.

United States District Court, D. Rhode Island.

Jan. 30, 1989.

Bernard T. Neuner, Mark C. Hanewich, Plainville, Mass., for plaintiffs.

Andrew B. Prescott, John E. Bulman, Providence, R.I., for Liberty Chevrolet, Inc.

Mark A. McSally, Cranston, R.I., for G.M.

Michael D. Hockley, Edwards & Angell, Providence, R.I., for defendants.

REPORT AND RECOMMENDATION

JACOB HAGOPIAN, United States Magistrate.

Before the Court is General Motors Corporation's (GMC) motion to dismiss the above-entitled diversity action pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

Defendant GMC claims that it should be dismissed from the instant action because plaintiffs failed to serve the summons and complaint upon GMC or its agent for service of process within 120 days. Federal Rules of Civil Procedure 4(j).

A summons for defendant GMC was issued on May 12, 1988 was was served upon GMC's agent on September 19, 1988, some 133 days after issuance. GMC claims that because Rule 4(j) provides that a summons cannot be served more than 120 days after issuance, defendant should be dismissed from the above action.

Plaintiffs admit that they exceeded the time limit for process by 13 days but for good cause. They claim that they initially withheld serving defendant GMC because they were engaged in good faith settlement discussions with co-defendant Liberty Chevrolet. If settlement discussions were successful, there would be no need to serve defendant GMC. Settlement discussions terminated in September, 1988 without success. Plaintiffs then proceeded with service of process upon all of the parties.

Under Rule 4(j), dismissal of the action against an unserved party should be had where a party is not served within the 120 day period unless good cause is shown why service was not made within the specified time period. Thus, under the rule, effective service may be had beyond the 120 day period when justified. Fed.R.Civ.P. 4(j). Accordingly, plaintiffs are required to demonstrate "good cause" exists. The good cause standard requires the party whose dismissal is sought to show "... some reasonable basis for noncompliance within time specified." *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304 (5th Cir. 1985), *citing* 10 Wright & Miller Federal Practice and Procedure: Civil § 1165 at 622.

I find that plaintiffs' good faith settlement negotiations with co-defendant Liberty Chevrolet constituted good cause under Rule 4(j) thereby excusing the delay of service of process upon co-defendant GMC. Accordingly, I recommend that defendant GMC's motion to dismiss be denied.

**32**

NOTICE

A magistrate's Report and Recommendation has been filed herewith in the above-captioned case pursuant to Title 28 U.S.C. § 636(b)(1)(B).

1. Any objection to this Report must be specific and must be filed with the Clerk of Court within (10) days of the receipt of the Report. Rule 32, Local Rules of Court, Rule 72(b), Federal Rules of Civil Procedure.

2. Failure to timely file specific objections to those portions of the magistrate's Report, findings, or recommendations constitutes a waiver of the right to *de novo* determination by the District Court and to appeal the District Court's Order. *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980); *U.S. v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986).

3. A *de novo* determination of the magistrate's Report by the District Court does not confer entitlement as of right to a *de novo* hearing. A party aggrieved is not entitled as a right to *de novo* review of arguments or issues not raised before the magistrate. *Paterson–Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir.1988).

4. The party seeking review shall promptly arrange for the transcription of the record.