**HEALTHCARE COMPARE CORP., an Illinois corporation, Plaintiff,**

v.

**SUPER SOLUTIONS CORP.,
a Minnesota corporation,
Defendant.**

Civ. No. 4–92–924.

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 9, 1993.

Michael T. Miller and Jay W. Schlosser, Briggs and Morgan, Minneapolis, MN, Champ W. Davis and Laura Beth Miller, Davis, Mannix and McGrath, Chicago, IL, for plaintiff.

Norman J. Baer and Douglas L. Elsaas, Fruth & Anthony, Minneapolis, MN, for defendant.

**ORDER**

DOTY, District Judge.

This matter is before the court on defendant's motion to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Pro-

---

cedure 4(j).[1] Based on a review of the file and for the reasons stated below, the court grants defendant's motion to dismiss plaintiff's complaint without prejudice.

## BACKGROUND

On July 16, 1991 Healthcare Compare Corporation ("HCC"), a Delaware corporation engaged in health care management with its principal place of business in Illinois, and Super Solutions Corporation ("SSC"), a Minnesota corporation engaged in computer software development, entered into a contract. HCC alleges that SSC breached this contract and sued.

HCC filed its summons and complaint on September 23, 1992, but did not serve SCC at that time. Negotiations between the parties began on December 28, 1992 and continued through April 13, 1993. On April 13, 1993 HCC served SSC with its summons and complaint. On April 15, 1993 Michael Freeland, HCC's Director of Applications Development, terminated the negotiations with SCC by way of a letter to Darshan Karki, the CEO of SSC.

SSC moves for dismissal contending that HCC failed to comply with Fed.R.Civ.P. 4(j) which requires a plaintiff to serve a defendant within 120 days from the time of filing the summons and complaint. HCC claims that the negotiations between the parties places it within the statutory good cause exception to the time requirement of Rule 4(j).

## DISCUSSION

■ Congress enacted the 120 day limit in Rule 4(j) in 1983 as part of a major reform of the procedure for service of process. The time limit attempts to encourage greater efficiency in litigation by restricting the time between the filing and the serving of the summons and complaint. There are only two exceptions to the service within 120 days requirement. First, the rule does not apply when the plaintiff has good cause for not having served the defendant. Second, service of process in a foreign country is also exempt from the rule.

■ It is undisputed that HCC failed to serve SSC within the 120 day limit. Strict application of the time limit would necessarily lead to a dismissal of the complaint. The only question before the court is HCC's assertion that the negotiations between the parties qualifies as good cause under Rule 4(j).[2]

Rule 4(j) clearly places the burden upon the plaintiff to demonstrate that it is entitled to the good cause relaxation of the 120 day limit. HCC argues that Rule 4(j) should not be applied harshly, citing *Floyd v. United States*, 900 F.2d 1045 (7th Cir.1990). It is, of course, true that the court has discretion in determining whether good cause exists. This court has held that the rule should not be used "to penalize plaintiffs who demonstrate reasonable diligence" in effecting timely service on defendants. *Baden v. Craig–Hallum, Inc.*, 115 F.R.D. 582 (D.Minn.1987). HCC has not even argued that such diligence was involved in its deliberate decision not to serve within the 120 day time limit of Rule 4(j). Thus, a strict application of Rule 4(j) here is not harsh.

Substantively, HCC cites *Assad v. Liberty Chevrolet, Inc.*, 124 F.R.D. 31 (D.R.I.1989) for the proposition that negotiations provide a good cause exception to the time limits. The court is not convinced that *Assad* is good law and, even if it were, whether it should be applied here. In *Assad* the magistrate denied a co-defendant's motion to dismiss under Rule 4(j) because he found that plaintiff's

---

1. The text of the rule is as follows:

   Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

2. HCC asserts that it negotiated with SSC in good faith. However, that is not the issue before the court. Rather, the question to be answered is whether settlement negotiations in themselves constitute good cause for failing to serve the defendant in a timely fashion.

negotiations with another defendant, had they been successful, would have resolved all of the issues between the plaintiff and all of the defendants. Significantly, no other court has adopted a similar position and another district court has rejected it. *See Leonard v. Stuart–James Co., Inc.,* 742 F.Supp. 653 (N.D.Ga.1990). The suspect rationale of *Assad* provides no help to HCC. Here a single plaintiff was negotiating with a single defendant with no success.

Plaintiff's further suggestion that serving the summons and complaint would have disrupted negotiations is also without merit for two reasons. First, HCC waited 96 days after filing before beginning negotiations with SSC. Most of the allowable time under Rule 4(j) had elapsed before the efforts to settle were begun. Second, HCC's argument, if accepted, would defeat the purpose of Rule 4(j). Plaintiffs would have no incentive to comply with the 120 day limit if they could always find shelter from the rule by claiming that they had begun negotiations in good faith. Such a situation was clearly not intended by the Congress in adopting Rule 4(j). Accordingly, the court holds that HCC is not entitled to an exemption from the 120 day limitation on the service of process and, therefore, SSC is entitled to have the complaint dismissed.

## CONCLUSION

The court determines that plaintiff HCC, without good cause, failed to serve its summons and complaint on defendant SSC within the 120 day period established in Federal Rule of Civil Procedure 4(j). The court grants SSC's motion to dismiss.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's complaint is dismissed without prejudice.