The BANK OF CAPE VERDE, Plaintiff,

v.

BRONSON, et al., Defendants.

No. 94 Civ. 8299 (WK) (AJP).

United States District Court,
S.D. New York.

April 18, 1996.

Christopher "Kip" Schwartz, Graham & James, Washington, DC, for plaintiff.

James P. Nunemaker, Rivkin, Radler & Kremer, Uniondale, NY, for defendant.

*MEMORANDUM AND ORDER*

WHITMAN KNAPP, Senior District Judge.

Presently before the Court is Magistrate Judge Andrew Peck's August 2, 1995 Report and Recommendation concerning the defendant Gibney, Anthony & Flaherty's application for an extension of time until September 5, 1995 in which to serve the third-party summons and complaint upon certain unserved partners or former partners of Graham & James. The Magistrate Judge recommends that the application be granted.

There being no opposition to this recommendation, and because we find it entirely reasonable, we grant the Magistrate Judge's Report and Recommendation in its entirety.

SO ORDERED.

*REPORT & RECOMMENDATION*

PECK, United States Magistrate Opinion.

Pursuant to Rules 4(m) and 6 of the Federal Rules of Civil Procedure, defendant Gibney, Anthony & Flaherty ("GA & F") seeks an extension of time until September 5, 1995 in which to serve the third-party summons and complaint upon certain unserved partners or former partners of Graham & James. GA & F seeks this extension because it had been pursuing good faith settlement negotiations with plaintiff Bank of Cape Verde which, if successful, would have obviated the need to serve the third-party complaint. For the reasons set forth below, in light of the settlement negotiations and GA & F's application for an extension of time before its time period had expired, I recommend that the Court find that there is "good cause" to extend the time for service until September 5, 1995 (but that there will be no further extensions).

*FACTS*

This is a related action to the *In re Towers Financial Corporation Noteholders Litigation,* 93 Civ. 0810 (WK) (AJP), arising out of an alleged "Ponzi scheme" involving the sale of certain securities by the now bankrupt Towers Financial Corporation.

GA & F has engaged in good faith settlement negotiations with plaintiff Bank of Cape Verde in this action and the plaintiffs in the *In re Towers* class action. (*See* GA & F Letter to the Court, 7/19/95, at 2.) Accordingly, on May 5, 1995, the Court approved a stipulation extending GA & F's time to serve the third-party summons and complaint until July 19, 1995.

Because of the settlement discussions, it appears that GA & F did not begin its efforts to serve the third-party complaint until early July. It served Graham & James (that is,

the partnership), and some 37 of its partners, but had not yet served all the third-party defendants as of July 18, 1995, the day before the deadline for completion of service. Accordingly, GA & F timely moved this Court for an extension of time through September 5, 1995 to serve the third-party complaint on the remaining third-party defendants.

*DISCUSSION*

Rule 4(m) of the Federal Rules of Civil Procedure provides:

*Time Limit for Service.* If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

■ Graham & James opposes extending the time, arguing that GA & F has not shown "good cause" for its failure to serve within the time limit. Settlement negotiations can, in the proper circumstances, satisfy Rule 4(m)'s "good cause" requirement. *See Heiser v. Association of Apartment Owners of Polo Beach Club,* 848 F.Supp. 1482, 1488 (D.Haw.1993); *Assad v. Liberty Chevrolet, Inc.,* 124 F.R.D. 31, 31 (D.R.I.1989) (good cause found because settlement discussions with co-defendant would have obviated need for service on moving defendant); *cf. Mendez v. Elliot,* 45 F.3d 75, 80 (4th Cir.1995) (affirms district court's finding of no good cause where record showed that plaintiff had not had serious, good faith settlement negotiations before expiration of the 120-day period).[1]

---

1. *But see Healthcare Compare Corp. v. Super Solutions Corp.,* 151 F.R.D. 114, 115–16 (D.Minn. 1993) (court questions whether *Assad* is good law, and dismisses complaint without prejudice where plaintiff neither served complaint nor sought extension within 120 days, allegedly because of settlement negotiations); *Rothman v. United States,* 92 Civ. 857, 1992 WL 394189 at *2 (N.D.N.Y.1992) (no good cause from settlement negotiations, existence of which were disputed);

*Leonard v. Stuart–James Co.,* 742 F.Supp. 653, 662 (N.D.Ga.1990) (settlement discussions held not to excuse failure to serve within 120-days where *Assad* showing not made); *Farnsworth v. Sea–Land Service, Inc.,* Civ.A. No. 87–5954, 1989 WL 20544 at *2 (E.D.La.1989) (settlement negotiations not good cause for lack of service because service "cannot properly be considered a hindrance to settlement"). The decision in these cases largely appears to be based on the party's

Here, as in *Assad,* settlement with the plaintiff would have obviated the need 'for GA & F to serve the instant third-party complaint on third-party defendants Graham & James and its present and former partners. Moreover, GA & F did serve the Graham & James partnership and all or most of its present partners before expiration of the time limit for service. Most importantly for my recommendation is the fact that GA & F sought an extension of the time for service before expiration of the time period. As the cases in footnote 1 demonstrate, good cause will not be found, despite settlement efforts, where no extension application is made before expiration of the time period for service.

Because of these settlement negotiations, and particularly because GA & F sought an extension of the period for service before it expired, I recommend that the Court grant GA & F a *final* extension until September 5, 1995 to serve the remaining third-party defendants.

### *FILING OF OBJECTIONS TO THIS RE-PORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Whitman Knapp, 40 Centre Street, Room 1201, and to the chambers of the undersigned, 40 Centre Street, Room 540. Any requests for an extension of time for filing objections must be directed to Judge Knapp. Failure to file objections may result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* — U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988);

failure to move for an extension of the 120–day

*McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

SO ORDERED.

DATED: New York, New York

August 2, 1995

period before its expiration.